UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JOHN WROBEL JR.,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:20-CV-03261 (FB)

*Appearances*:
*For the Plaintiff*:
RICHARD B. SEELIG
Seelig Law Offices
299 Broadway, Ste 1600
New York, NY 10007

*For the Defendant*:
SHRUTI K. TEJWANI
Social Security Administration
Office of the General Counsel
601 E. 12th St., Ste 965
Kansas City, MO 64106

**BLOCK, Senior District Judge:**

      Plaintiff John Wrobel Jr., (Plaintiff) appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for Social Security disability benefits. Both parties have moved for judgment on the pleadings. For the following reasons, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED. The case is remanded for further proceedings consistent with this opinion.

I.

Plaintiff worked as a firefighter for New York City for twenty-one years and is certified sick from his exposure at Ground Zero. He alleged disability as of July 9, 2016, due to sinusitis, tracheitis, and gastroesophagitis, and applied for disability insurance benefits in April 2017. An administrative law judge ("ALJ") held hearings on February 19, 2019, and April 15, 2019. The ALJ issued her decision on April 23, 2019, finding that Plaintiff suffered from: "restrictive lung defect reported as asthma; obesity; and chronic sinusitis status-post [] sinonasal surgery and [] sinonasal surgery revision." Tr. 13. The ALJ declined to award Plaintiff benefits because: (i) he did not have a listed impairment; (ii) he had the residual functional capacity to perform medium work; and (iii) there were sufficient jobs in the national economy that he could perform. The Appeals Council denied review of the ALJ's decision on June 4, 2020, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

II.

In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind

2

might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). Here, remand is warranted because the ALJ did not sufficiently credit the opinions of Plaintiff's treating physician.

Pursuant to 20 C.F.R. § 404.1520c(c), the persuasiveness of medical sources is evaluated according to their: (i) supportability; (ii) consistency; (iii) relationship with the claimant; (iv) specialization; and (v) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. Supportability and consistency are the two most important factors, and the ALJ must articulate consideration of each of them in her assessment. § 404.1520c(b)(2).

Because Plaintiff applied for disability insurance benefits in April 2017, the conclusions of Plaintiff's treating physician were not subject to the "treating physician rule," which required agencies to give controlling weight to a treating source's opinion so long as it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and not "inconsistent with the other substantial evidence in the record." *See Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631 (PKC), 2020 WL 5820566, at *3 (E.D.N.Y. Sept. 30, 2020) (cleaned up) (citing 20 C.F.R. § 416.927(c)(2)) (regulations changed for applications filed "on or after March 27, 2017"). Under the new regulations, the Commissioner is not to

3

"defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." *Id.* (cleaned up).  Nonetheless, where treating sources do provide medical evidence, the revised regulations "naturally suggest that they will often be given greater weight because 'the examining relationship provides them with a better understanding of an applicant's condition.'"  *See Shawn H. v. Comm'r of Soc. Sec.*, No. 19-CV-113 (JMC), 2020 WL 3969879, at *6 (D. Vt. July 14, 2020) (quoting *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018)); *see also Brian O. v. Comm'r of Soc. Sec.*, No. 1:19-CV-983 (ATB), 2020 WL 3077009, at *4 (N.D.N.Y. June 10, 2020) ("Although the new regulations eliminate the perceived hierarchy of medical sources . . . [t]he two most important factors for determining the persuasiveness of medical opinions are consistency and supportability, which are the same factors that formed the foundation of the treating source rule.").

Plaintiff's treating Physician, Dr. Shohet, found that Plaintiff should avoid all exposure to cigarette smoke, perfumes, soldering fluxes, solvents/cleaners, fumes, odors, gases, dusts, chemicals and other smokes.  R. 674.  Dr. Shohet additionally found that Plaintiff would be off task at least 25% of the time due to his impairments, and that his "persistent sensitivities…cause progression of

4

symptoms . . . [such that] there is a high degree of disability associated with any employment associated with such exposures." R. 18.  The ALJ determined that these opinions were "not well supported or persuasive to preclude all work." *Id.* This determination is plainly inconsistent with the C.F.R. § 404.1520c(c) factors.

Plaintiff had seen Dr. Shohet, a sinusitis specialist, since 2014 on a bi-monthly basis.  The record shows that these appointments were well-documented, and that Dr. Shohet's treatments were based upon objective medical assessments that he administered.  Moreover, Dr. Shohet's reports were consistent and showed—as corroborated by Plaintiff's own testimony—that Plaintiff suffered from progressive ailments that caused nasal obstruction and sinonasal pressure, resulting in chronic sinus problems, recurring nasal polyps, postnasal drainage, sinus pressure, headaches, dysomia, sleep problems, among other issues.  Dr. Shohet's repeated notes indicated that Plaintiff's condition was resistant to surgical and medical treatment.

The ALJ's decision does not explain why this medical evidence was unpersuasive according to the § 404.1520c(c) factors.  Instead, the decision exclusively credited the contradictory opinions of the non-examining, non-specialist medical expert ("ME") which, without further explanation, runs contrary to the § 404.1520c(c) factors.  *See Shawn H.*, No. 2:19-CV-113, 2020 WL

3969879, at *8 ("Generally, where . . . there are conflicting opinions between treating and consulting sources, the 'consulting physician's opinions or report should be given limited weight.'" (quoting *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990))).

Moreover, in crediting the ME's conclusions, the ALJ engaged in impermissible "cherry-picking." *See, e.g.*, *Hahn v. Saul*, No. 20-CV-06124 (KAM), 2023 WL 4975970, at *6 (E.D.N.Y. Aug. 3, 2023) ("An ALJ may not 'cherry-pick' medical opinions, or selectively cite treating notes or diagnostic imaging that support the ALJ's own view while ignoring opinions and evidence that do not."). Specifically, the ALJ agreed that "there was no medical basis for the claimant to avoid all work because of incidental atmospheric exposure of any kind," R. 18-19, which was directly contrary to Dr. Shohet's conclusion that Plaintiff should avoid any exposure to irritants as commonplace as perfumes, odors, and dust. Dr. Shohet's diagnosis was bolstered both by the consulting expert, R. 418, the ME's own reports, R. 670, and Plaintiff's testimony about his ailments, which the ALJ improperly discounted in light of Plaintiff's reported daily activities. *See Mahon v. Colvin*, No. 15-CV-02641 (PKC), 2017 WL 1232471, at *15 (E.D.N.Y. Mar. 31, 2017) ("Plaintiff's reported daily activities of self-care, child-care, and hobbies do[] not provide a sufficient basis for discounting almost

6

entirely the well-supported expert testimony . . . regarding Plaintiff's ability to sustain a *job*.") (emphasis in original).

If the ALJ had properly considered Dr. Shohet's opinion, she likely would have come to a different conclusion regarding Plaintiff's claim.  Accordingly, remand is appropriate.  The Court need not reach Plaintiff's remaining arguments.

For substantially the same reasons as identified in this Court's decision, *Gabriel v. Commissioner of the Social Security Administration*, No. 2:21-CV-01508 (FB) (E.D.N.Y. Feb. 16, 2024), the Court directs the ALJ to complete further proceedings within 60 days of the issuance of this order and, if that decision is a denial of benefits, a final decision of the Commissioner shall be rendered within 60 days of Plaintiff's appeal from the ALJ's decision.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this decision.

**SO ORDERED.**

                                                                    _/S/ Frederic Block_____
                                                                    FREDERIC BLOCK
                                                                    Senior United States District Judge

Brooklyn, New York
February 22, 2024